UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON EXECUTIVE SEARCH ASSOCIATES, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>FRESHFIELDS BRUCKHAUS DERINGER US LLP,<br><br>                      Defendant. | Civil Action No. 1:19-cv-12378-RGS |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Boston Executive Search Associates, Inc. ("ESA") and Defendant Freshfields Bruckhaus Deringer US LLP ("Freshfields") (each a "Party," and together, the "Parties") expect the above-captioned case ("Action") to involve the exchange of certain information and documents that a Party believes to contain confidential business, financial, proprietary, personal, or commercially sensitive information protected under Federal Rule of Civil Procedure 26(c);

IT IS HEREBY STIPULATED AND AGREED, in order to facilitate the exchange of confidential information by and among the Parties that, subject to the approval of the Court, the following Stipulation and [Proposed] Protective Order ("Order") shall govern the handling of documents, depositions, deposition exhibits, deposition transcripts, written discovery requests and responses thereto, interrogatories and responses thereto, requests for admissions and responses thereto, and any other information or material produced, disclosed, or exchanged in connection with this Action.

1. **Scope.** This Order shall govern any information produced or disclosed in this

1

Action by any Party or by any third party.

2. **Confidential Material.** Any Party and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains non-public business, financial, proprietary, or other confidential commercial information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the Party or non-party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Material"). Any Party or any non-party covered by this Order that produces or discloses any Confidential Material ("Designating Party") shall mark the same with the following legend: "CONFIDENTIAL." Documents designated as CONFIDENTIAL prior to the Court's approval of this Order shall be deemed Confidential Material under this Order.

3. **Attorneys' Eyes Only Material.** Confidential Material that could be designated CONFIDENTIAL pursuant to Paragraph 2 may instead be designated ATTORNEYS' EYES ONLY upon making a good faith determination that such Confidential Material contains highly sensitive non-public information, the disclosure of which is reasonably likely to harm the business, commercial, financial, or competitive position of the Designating Party ("Attorneys' Eyes Only Material"). Any Designating Party that produces or discloses any Attorneys' Eyes Only Material shall mark the same with the following legend: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Documents designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to the Court's approval of this Order shall be deemed Attorneys' Eyes Only Material under this Order.

4.  **Designation of Protected Material.** When Confidential Material or Attorneys' Eyes Only Material (together, "Protected Material"), is produced, provided, or otherwise disclosed by a Designating Party in connection with this Action, it shall be designated in the following manner:

   a.  **Documents, Electronically Stored Information, and Other Tangible Things.** A Party shall designate documentary information as Protected Material by stamping or otherwise marking each page to which the designation applies with the appropriate confidentiality designation at the time when the Protected Material is provided to the other Party. For digital files or other electronically stored information being produced, the Designating Party shall mark each viewable page or image with the appropriate confidentiality designation at the time the Protected Material is provided to the other Party, and mark the medium, container, and/or communication in which the digital files were contained with the appropriate designation. A Party shall designate other tangible things as Protected Material by affixing the appropriate designation to the medium or container in which any such item is contained. A Party shall designate any information not reduced to documentary, electronic, or tangible or physical form as Protected Material by notifying the other Party, in writing, of the confidentiality designation applicable to such Protected Material.

   b.  **Deposition Testimony.** A Party may designate deposition testimony as Protected Material by (a) indicating the appropriate designation on the record at the time of the deposition, or (b) notifying the other Party in writing within thirty (30) business days after receipt of the deposition transcript that portions of the transcript are to be designated "Confidential" or "Attorneys' Eyes Only," which period may be extended by agreement of the Parties. A Designating Party shall designate portions of the transcript by providing to counsel for the opposing Party a list of page and line numbers of such designations within the thirty (30) day period. During these thirty (30) days, the entire deposition transcript is to be treated as Attorneys' Eyes Only. The Designating Party shall thereafter direct the court reporter to affix the appropriate confidentiality legend to the first page and all portions of the transcript containing any Protected Material. In the event the deposition is videotaped, the Designating Party shall direct the video technician to affix the appropriate confidentiality legend to the cover of the original and any copy of the videotape.

5.  **Use of Protected Material.** All Protected Material shall be used by the Party that receives such material (the "Receiving Party") solely for purposes of the prosecution or defense of this Action; shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose; and shall not be disclosed by the Receiving Party to anyone other than

those set forth in Paragraphs 6 and 7 below, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. This Order has no effect upon, and shall not apply to, a Designating Party's use of its own Protected Material for any purpose. Parties shall provide notice to the opposing Party if they reasonably expect a deposition, hearing, or other proceeding to include reference to Protected Material, so that the other Party can ensure that only individuals permitted access to the Protected Material are present. Counsel for any Designating Party shall have the right to exclude from oral depositions, for the period(s) of examination or testimony regarding Protected Material, any person not authorized by this Order to receive or access such Protected Material based on its designation.

6. **Access to Confidential Material.** Confidential Material and the contents of Confidential Material may be disclosed only to the following persons under the following conditions:

   a. Counsel of record in this Action, and any employees of counsel whose assistance is deemed reasonably necessary by counsel for the purpose of this Action;

   b. Expert witnesses or consultants retained by the Parties, provided that such expert witnesses or consultants have each first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. The Court and its personnel;

   d. The Parties, including their current and former employees, officers, directors, representatives, general partners, limited partners, and affiliates, provided that such persons are assisting the Party with this Action;

   e. Person(s) who authored or previously received the Confidential Material;

   f. Court reporters, videographers, and other persons retained to record or transcribe testimony or argument in this Action;

   g. Photocopying, data processing, and other support service vendors that are reasonably necessary to assist a Party in this Action, provided that they have each first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    h.    Any witness called to testify at deposition or trial in this Action or any witness whom counsel for a Party in good faith believes may be called to testify at deposition or trial in this Action, and the witness's counsel, provided that such disclosure is reasonably necessary, and provided that they have each first signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

    i.    Any other person agreed upon in writing by the Parties.

    7.    **Access to Attorneys' Eyes Only Material.** Attorneys' Eyes Only Material and the contents of Attorneys' Eyes Only Material may be disclosed only to the following persons under the following conditions:

    a.    Counsel of record in this Action, and any employees of counsel whose assistance is deemed reasonably necessary by counsel for the purpose of this Action;

    b.    The Court and its personnel;

    c.    Person(s) who authored or previously received the Attorneys' Eyes Only Material;

    d.    Court reporters, videographers, and other persons retained to record or transcribe testimony or argument in this Action; and

    e.    Any other person agreed upon in writing by the Parties.

    8.    **Objections to Designations.** At any time during the Action, a Receiving Party may object to the designation of Protected Material. If a Receiving Party objects to the designation of certain Protected Material, the following procedure shall apply:

    a.    Counsel for the Receiving Party shall serve on the Designating Party a written objection (email is sufficient) to such designation, which shall describe with particularity the Protected Material in question and shall state the grounds for objection. Counsel for the Designating Party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for the applicable designation. The Parties' counsel shall then confer in good faith in an effort to resolve the dispute.

    b.    If a dispute as to a designation of Protected Material cannot be resolved by agreement, the Receiving Party may present the dispute to the Court in a formal motion for an order regarding the challenged designation, which shall be filed under seal to the extent that it refers to the substance of the Protected Material. The Protected Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. **Filing of Protected Material.** No Party shall file with the Court any Protected Material, or disclose the contents of any Protected Material in any filing, until the Court determines whether such Protected Material may be filed under seal or on the public docket. Any pretrial pleading, paper, exhibit, or other document which discloses or relies on Protected Material or the contents of Protected Material shall be redacted to the extent necessary and/or filed under seal in accordance with Local Rule 7.2. The first page of any pleading, paper, or other document filed under seal shall contain the legend:

**UNDER SEAL PURSUANT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL MATERIAL**

No Party shall file unredacted versions of Protected Material until a motion for leave to file under seal is allowed. If the Court denies a motion for leave to file Protected Material under seal, the Receiving Party may file it on the public docket without contravening this Order.

10. **Inadvertent Disclosure of Protected Material by Designating Party.** To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Receiving Parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after learning of the disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential or Attorneys' Eyes Only under this Order. A Party receiving such written notice shall make reasonable efforts to retrieve any such materials from persons not

6

authorized to receive them pursuant to this Order and to avoid any further unauthorized disclosure.

11.     **Inadvertent Disclosure of Protected Material by Receiving Party.** Any Receiving Party in possession of Protected Material shall exercise reasonable care to preserve its confidential nature. If such material is disclosed by the Receiving Party or a person with whom the Receiving Party has shared Protected Material in a manner not authorized by this Order, the Party responsible for the disclosure shall immediately report such disclosure to the Designating Party and make reasonable efforts to promptly retrieve such Protected Material and to prevent further disclosure.

12.     **Inadvertent Production of Privileged Material.** Subject to the provisions of Federal Rule of Evidence 502, inadvertent production or disclosure of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege or immunity from discovery if, within fourteen (14) calendar days after a Party becomes aware of any inadvertent or unintentional disclosure, the Party designates any such documents as within the attorney-client privilege or work-product immunity or any other applicable privilege or immunity and requests in writing (email is sufficient) return of such documents, with a description of the factual basis for the assertion of privilege or immunity. Upon such request, the other Party shall immediately return all copies of such inadvertently produced document(s) and destroy any notes taken regarding such inadvertently produced document(s). No recipient of inadvertently disclosed information or documentation shall utilize such document(s) or any fruits or information derived therefrom for the purposes of this Action. The inadvertent disclosure of such document(s) shall not constitute a waiver of any privilege that may otherwise apply.

13.     **Termination.** Within sixty (60) days of the final conclusion of this Action (including the exhaustion of any appeals), each Party or other individual subject to the terms hereof shall be under an obligation to return to the originating source, or to destroy, all originals and unmarked copies of Protected Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order.  The termination of this Action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Material pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Order, even after this Action is terminated.

14.     **Protected Material Subpoenaed or Ordered Produced In Other Litigation.** If a Receiving Party receives a subpoena or other compulsory process ("Demand") seeking the production or disclosure of Protected Material, that Party shall provide written notice to counsel for the Designating Party within fourteen (14) days of receipt of the Demand.  The written notice shall identify the Protected Material sought and provide a copy of the Demand itself.  The Receiving Party receiving the Demand shall object to the production of the Protected Material on the grounds of this Order.

15.     **Preservation of Rights.** By agreeing to the entry of this Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  This Order shall not deprive any Party of its right to object to discovery by any other Party on any permitted ground, and admissibility of the designated Protected Material will be reserved for and addressed at trial.  Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action.  Nothing in this Order shall preclude any Party from filing a motion seeking further or different

protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Protected Material shall be treated at trial.

IT IS SO ORDERED.

DATED: 9-17-20

_Richard M. Stearns_
HON. RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

STIPULATED BY:

Dated: September 15, 2020

/s/ *Douglas W. Salvesen*

Douglas W. Salvesen (BBO# 550322)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, Massachusetts 02113
T: (617) 723-6900
dsalvesen@bizlit.com

*Attorney for Plaintiff Boston Executive Search Associates, Inc.*

Dated: September 15, 2020

/s/ *Joseph F. Savage, Jr.*

Joseph F. Savage, Jr. (BBO # 443030)
Courtney D. Orazio (BBO # 692385)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
T:  617.570.1000
JSavage@goodwinlaw.com
COrazio@goodwinlaw.com

Timothy P. Harkness (*pro hac vice*)
Brayden Koslowsky (*pro hac vice forthcoming*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue
New York, New York 10022
T: 212.230.4610
timothy.harkness@freshfields.com
brayden.koslowsky@freshfields.com

*Attorneys for Defendant Freshfields Bruckhaus Deringer US LLP*

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON EXECUTIVE SEARCH
ASSOCIATES, INC.,

                Plaintiff,

v.                                                                      Civil Action No. 1:19-cv-12378-RGS

FRESHFIELDS BRUCKHAUS DERINGER
US LLP,

                Defendant.

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ , being duly sworn, state that:

1.  My address is _____.

2.  My present employer is _____ and the address of my present employment is _____.

3.  My present occupation or job description is _____.

4.  I sign this agreement both on behalf of myself, as well my present employer and all those employed at that entity to whom Protected Material or the contents of Protected Material will be disclosed (together with me, "the Recipients"), if applicable.

5.  I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and the Recipients will comply with all provisions of the Protective Order.

6.  The Recipients will hold in confidence and not disclose to anyone not qualified

12

under the Protective Order any Protected Material or any words, summaries, abstracts, or indices of Protected Material disclosed to them.

7. The Recipients will limit use of Protected Material disclosed to them solely for purpose of this action.

8. No later than sixty (60) days after the final conclusion of the case, the Recipients will destroy all Protected Material and summaries, abstracts, and indices thereof which come into their possession, and documents or things which they have prepared relating thereto, or alternatively return them, to counsel for the Party for whom they were employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____ _____
 [Name]